Mr. Conrad C. Bishop, Jr. Attorney, Board of County Commissioners Lafayette County Post Office Box 167 Perry, Florida 32347
Dear Mr. Bishop:
You ask on behalf of the Board of County Commissioners of Lafayette County substantially the following question:
Is the county responsible for the payment of the hospital bill for an involuntary Baker Act commitment?
In sum:
The county is not the primary source for reimbursement of hospital costs for the treatment of an involuntary Baker Act commitment. However, a county may be liable for such payments in the event a person in the county is arrested for a felony involving violence against another person, is taken to a receiving facility and specified sources for reimbursement are not available.
Section 394.453, F.S., directs the Department of Health and Rehabilitative Services (HRS) to implement and administer mental health programs authorized and approved by the Legislature. The statute further provides that programs of HRS "coordinate the development, maintenance, and improvement of receiving and community treatment facilities . . . ."[1]
The Legislature expresses its intent that patients be provided with emergency service and temporary detention for evaluation when required; that patients be admitted to treatment facilities on a voluntary basis when extended or continuing care is needed and unavailable in the community; that involuntary placement be provided only when expert evaluation determines that it is necessary; that any involuntary treatment or examination be accomplished in a setting which is appropriate, most likely to facilitate proper care and treatment that would return the patient to the community as soon as possible, and the least restrictive of the patient's liberty; and that individual dignity and human rights be guaranteed to all persons admitted to mental health facilities or being detained under s. 394.463.[2] The department is responsible for the planning, evaluation, and coordination of a complete and comprehensive statewide program of mental health including community services, receiving and treatment facilities, child services, research, and training.[3]
In order to carry out its responsibilities, HRS may contract to provide, and be provided with, services and facilities with, among others, public and private hospitals, clinics, counties, and municipalities.[4]
Section 394.463, F.S. (1992 Supp.), authorizes specified persons under enumerated circumstances to initiate an involuntary examination of a person at a receiving facility, if there is reason to believe the person is mentally ill.[5] A "[r]eceiving facility" is a "facility designated by the department to receive patients under emergency conditions or for psychiatric evaluation and to provide short-term treatment, and also means a private facility when rendering services to a private patient pursuant to the provisions of this act."[6]
The policy of this state is that HRS shall not deny treatment for mental illness to any person, nor shall service at a receiving or treatment facility be delayed, based upon a patient's inability to pay.[7] Section 394.459(2)(a), F.S., recognizes, however, that facilities providing services pursuant to the act, may make every reasonable effort to collect appropriate reimbursement for the cost of providing mental health services to persons able to pay, including from insurance or third-party payments. Generally, fees and fee collections by HRS for the care of patients receiving mental health services is governed by the provisions in s. 402.33, F.S.[8] With a few exceptions, the department is authorized to charge or collect fees for any service it provides clients either directly or through its agencies or contractors.[9] While fees, other than third-party benefits and benefit payments, may not be charged for services provided to indigents whose only sources of income are from state and federal aid,[10] the statute recognizes that clients receiving or benefitting from the service provided by HRS are primarily responsible for any such fee assessed.[11]
Therefore, depending upon his or her ability to pay, the patient is primarily responsible for the payment of treatment as an involuntary Baker Act commitment. In the event a person is indigent, however, HRS is obligated to provide treatment at a receiving or treatment facility. This office has been informed that HRS provides treatment for indigent Baker Act commitments without cost to the county.[12]
When a law enforcement officer has arrested a person for a felony involving a crime of violence against another person and it appears that the person meets the statutory guidelines for involuntary examination or involuntary placement, the receiving facility rendering an evaluation and treatment may recover the cost incurred pursuant to s. 901.35, F.S.[13] In such instances, s. 901.35, F.S., provides for payment from the general fund of the county in which the person is arrested, if it is shown that reimbursement is not available from the following in the order listed: (1) an insurance company, a health care corporation, or other source; (2) the person receiving the medical care; and (3) a financial settlement for the medical care payable to the injured party. Under these circumstances, a county may be liable for the payment of mental health care received by an indigent at a receiving facility.[14]
Accordingly, a county is not primarily responsible for the payment of hospital costs for the treatment of an involuntary Baker Act commitment. However, a county may be liable for such payments in the event a person in the county is arrested for a felony involving violence against another person, is taken to a receiving facility and specified sources for reimbursement are not available.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 394.453(1)(a), F.S.
[2] Id.
[3] Section 394.457(2), F.S.
[4] See, s. 394.457(3), F.S.
[5] See, ss. 394.463(1) and (2), F.S. (1992 Supp.).
[6] Section 394.455(8), F.S. (1992 Supp.).
[7] Section 394.459(2), F.S.
[8] See, s. 394.457(8), F.S.
[9] See, s. 402.33(2), F.S.
[10] Id.
[11] Section 402.33(3), F.S.
[12] This office has been informed by HRS that it has contracted with North Florida Mental Health Center in Lake City to provide mental health services for Lafayette County. Should you need additional information on the services provided and the responsibility for payment of fees, you may wish to contact Ms. Judy Phillis at the HRS district office in Gainesville. Ms. Phillis may be reached at (904)336-5053.
[13] See, s. 394.461(4)(b), F.S.
[14] See also, Part IV, Ch. 154, F.S., under specified circumstances, placing the ultimate financial obligation for out-of-county hospital care of qualified indigent patients on the county in which the indigent patient resides.